1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
   BERNARD B. SMYTH (Cal. Bar No. 217741)
2    SmythB@sec.gov
   TRACY L. DAVIS (Cal. Bar No. 184129)
3    DavisTL@sec.gov

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
6  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

7

8

9

10

11

## UNITED STATES DISTRICT COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

## SAN FRANCISCO DIVISION

14

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOW ROCKWELL LLC AND RICHARD DOW ROCKWELL,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission (the "Commission") alleges:

## SUMMARY OF THE ACTION

1.      From at least September 2017 through May 2020 (the "relevant period"), Dow Rockwell LLC and its sole principal Richard Dow Rockwell ("Rockwell") acted as unregistered brokers on behalf of Professional Financial Investors, Inc. ("PFI"), a real estate investment and management company in Marin, California.  Through the actions of Rockwell, California-registered investment adviser Dow Rockwell LLC raised approximately $8 million for PFI from

1   the offer and sale of securities in unregistered transactions to their advisory clients in California,

2   Louisiana and Nevada.  PFI paid Rockwell and Dow Rockwell LLC a five percent commission

3   for the investor funds they solicited.  In total, over the relevant period, Rockwell and Dow

4   Rockwell LLC earned approximately $400,000 in transaction-based commissions or "referral

5   fees" from their sales of PFI securities, which constituted nearly 40% of Dow Rockwell LLC's

6   total revenue in 2019 and 2020, and more than 25% of Dow Rockwell LLC's revenue in 2018.

7        2.      Rockwell and Dow Rockwell LLC made false and misleading statements when

8   offering the PFI investments to their clients.  For example, Rockwell and Dow Rockwell LLC

9   falsely told investors that Dow Rockwell LLC did not receive transaction-based compensation,

10   but was rather compensated solely through advisory fees that it charged its clients.  In fact, as

11   Rockwell and Dow Rockwell LLC knew, PFI compensated them based on a percentage of the

12   price their clients paid to purchase the securities and that these referral fees they earned from PFI

13   were substantially higher than the management fees they charged their advisory clients for most

14   other investment types.  The failure to disclose this compensation constituted an undisclosed

15   conflict of interest because the compensation Rockwell and Dow Rockwell LLC received for

16   selling PFI securities incentivized Rockwell and Dow Rockwell LLC to recommend PFI to their

17   clients instead of other possible investments.

18        3.      Over the relevant period, Rockwell and Dow Rockwell LLC also failed to

19   disclose to the investors they solicited to purchase PFI securities the past criminal conviction of

20   PFI's founder, who exerted significant control over PFI's operations until the founder's death in

21   May 2020.  As a result, Rockwell and Dow Rockwell LLC's clients failed to fully appreciate the

22   risks associated with their investments in PFI.

23        4.      Although PFI marketed its securities to investors as safe alternatives to the stock

24   market that were secured by large cash reserves and that would yield regular returns, in reality

25   PFI operated as a fraud.  PFI's now-deceased founder and its president collectively

26   misappropriated more than $35 million from PFI's investors as part of a larger fraudulent scheme

27   in which hundreds of millions of dollars were raised from more than 1,300 investors.

28

1  PFI's fraudulent scheme began to unravel shortly after the death of its founder on May 6, 2020.

2  PFI is currently in Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of

3  California, leaving many of Rockwell and Dow Rockwell LLC's clients, as well as thousands of

4  other investors, with hundreds of millions of dollars in collective losses.  Many of Dow

5  Rockwell LLC's clients invested their retirement savings in PFI.

6       5.      During the time they offered and sold PFI securities, neither Rockwell nor Dow

7  Rockwell LLC was registered as a broker-dealer with the Commission or associated with a

8  registered broker-dealer. Additionally, PFI did not register its securities offering with the

9  Commission, and there was no applicable exemption from registration for PFI's securities.

10      6.      Defendants Rockwell and Dow Rockwell LLC have violated, and unless

11  restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act of

12  1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)], Section 15(a)(1) of the Securities

13  Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)] and Sections 206(1), 206(2)

14  and 207 of Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2)

15  and 80b-7].  The Commission seeks an injunction against Rockwell and Dow Rockwell LLC

16  from future violations of these provisions, as well as disgorgement of ill-gotten gains,

17  prejudgment interest on disgorgement, and civil money penalties.

18                            **JURISDICTION AND VENUE**

19      7.      The Commission brings this action pursuant to Sections 20(b), 20(d) and 22(a) of

20  the Securities Act  [15 U.S.C. §§ 77t(b), 77t(d) and 77v(a)], Sections 21(d), 21(e) and 27 of the

21  Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa] and Sections 209(d) and 209(e) of the

22  Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-9(e)].

23      8.      This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1)

24  and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a)], Sections 21(d), 21(e)

25  and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa] and Sections 209(d), 209(e)

26  and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d), 80b-9(e) and 80b-14].

27

28

9.      Defendants Rockwell and Dow Rockwell LLC, directly or indirectly, made use of the means and instrumentalities of interstate commerce or of the mails in connection with the acts, transactions, practices, and courses of business alleged in this complaint.

10.     Venue is proper in this District pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].  Acts, transactions, practices, and courses of business that form the basis for the violations alleged in this complaint occurred in this District.  Defendants met with and solicited prospective investors in this District, and offers and sales of securities took place in this District.

11.     Under Civil Local Rule 3-2(d), this civil action should be assigned to the San Francisco Division, because a substantial part of the events or omissions which give rise to the claims alleged herein occurred in Marin County.

**DEFENDANTS**

12.     **Dow Rockwell LLC** is a California limited liability company formed in 2005, with its principal place of business in San Rafael, California.  Dow Rockwell LLC has been registered in California as an investment adviser since 2005.  During the relevant period, Dow Rockwell LLC served as an investment adviser to approximately 50 individual retail clients and had approximately $2-3 million in assets under management.  Dow Rockwell LLC specialized in helping its clients prepare for retirement and charged clients annual advisory fees of 0.3-0.5% during the relevant period.

13.     **Richard Rockwell**, age 62, resides in Marin, California.  Since 2005, Rockwell has been the principal of Dow Rockwell LLC and has managed and controlled its operations.  He was not registered as a broker-dealer or associated with any registered broker-dealer during the time he sold PFI's securities.  Rockwell has held Series 7, 24, 63 and 66 securities licenses.  Currently, only his Series 7 license remains active.  Rockwell also holds a California insurance license.

**RELATED ENTITY**

14.     **Professional Financial Investors, Inc.** is a California corporation based in Novato, California.  PFI is a real estate investment and management firm specializing in multi-unit residential and commercial real estate in Northern California.  On July 26, 2020, PFI filed a voluntary Chapter 11 bankruptcy petition in the Bankruptcy Court for the Northern District of California.

**FACTUAL ALLEGATIONS**

**A.     Background of PFI and the Securities Offered and Sold**

15.     PFI was founded in 1990 by Kenneth J. Casey, who died on May 6, 2020.  It was founded as a real estate investment and management firm specializing in multi-unit residential and commercial properties in Northern California.

16.     Casey served as the sole director, officer and shareholder of PFI until 1998, when he relinquished his corporate positions and Lewis Wallach took over as president of PFI. Despite relinquishing his corporate positions, Casey continued to exert significant control over PFI until his death.  Wallach continued to serve as president of PFI until June 2020, when he was forced to resign because of his role in the fraudulent scheme.

17.     Together PFI and its related entities own a direct or indirect interest in approximately 70 residential and commercial real properties in California, including equity interests in limited liability companies (together, the "LLCs") that hold either fee title or an interest as tenant-in-common in various real properties and general partner interests in limited partnerships (together, the "LPs") that hold fee title to various real properties in California.

18.     Since at least September 2017 through May 2020, at the direction of Casey and Wallach, PFI raised funds from investors through the offer and sale of membership interests in various LLCs.  Investors were told that the interest payments and equity distributions for all of the securities offered and sold by PFI were to be made based on the income generated by PFI's management of the underlying real property, including collection of rents from tenants.

1        **B.      PFI's Fraudulent Scheme**

2        19.      From at least June 2011 to May 2020, PFI raised hundreds of millions of dollars

3    from more than 1,300 investors through the offer and sale of the securities described above.  A

4    significant portion of those investors are elderly and invested IRA or other retirement funds.

5    Many investors relied on investment returns to pay their daily living expenses.

6        20.      While soliciting investments, PFI's principals made numerous false and

7    misleading statements, including falsely telling investors that their monies would be primarily

8    used to purchase real property and make improvements to real property already owned by PFI.

9        21.      Contrary to these representations, a substantial portion of investor funds were

10   used in a Ponzi-like fashion to pay back previous investors or to cover operating losses at PFI

11   and its related entities.  For example, between September 2015 and May 2020 – a period in

12   which PFI and its related entities raised approximately $330 million from investors – over $150

13   million was used to pay interest to prior investors, pay certain investors principal and cover the

14   operating losses of PFI.

15       22.      In addition to the Ponzi-like scheme, Casey and Wallach collectively

16   misappropriated more than $35 million in investor funds.  Both men treated PFI's bank accounts

17   as their personal funds, accessing them regularly to use investor monies for their own personal

18   enrichment, including such expenses as personal tax obligations and renovations of their

19   personal residences.

20       23.      Casey and Wallach also misrepresented the safety and liquidity of the securities

21   offered and sold by PFI, falsely telling investors that their investments were liquid and could be

22   cashed out at any time, with as little as a few days' notice, and that PFI maintained substantial

23   reserve funds for that purpose.  Contrary to their representations, PFI lacked adequate cash to

24   meet their obligations without bringing in new investor funds, let alone cash sufficient to provide

25   liquidity to investors seeking to withdraw their investments on short notice.

26

27

28

**C.** **Dow Rockwell LLC and Rockwell's Receipt of Compensation Related to PFI Investments**

24.     Dow Rockwell LLC has been registered in California as an investment adviser since 2005.  It was never registered as a broker-dealer.  Rockwell was associated with various registered broker-dealers from 2004 to 2005 and 2006 to 2010, but has not been associated with a registered broker-dealer since then.

25.     In approximately September 2017, Rockwell and Dow Rockwell LLC began recommending their advisory clients invest in membership interests in various PFI LLCs. Rockwell and Dow Rockwell LLC solicited their clients by various means, including emails, telephone calls and in-person meetings.

26.     Without doing adequate due diligence into PFI's financial condition, Rockwell and Dow Rockwell LLC repeated to prospective investors PFI's claims that its real estate offerings presented a safe and secure alternative to the stock market that would achieve high returns.

27.     Pursuant to a verbal agreement with Casey, PFI paid Rockwell a 5% commission or "referral fee" based on the principal amount invested by investors he introduced to PFI.

28.     From September 2017 through May 2020, Rockwell and Dow Rockwell LLC received approximately $400,000 in "referral fees," or transaction-based compensation, from PFI for soliciting and recommending PFI investments to their advisory clients.

29.     The referral fees received by Rockwell and Dow Rockwell LLC were higher than the typical 0.3-0.5% assets-under-management annual advisory fee that Dow Rockwell LLC received based on recommending other investments to its clients.  This gave Rockwell and Dow Rockwell LLC an incentive to recommend PFI investments over other investment products.

30.     During the relevant period, Rockwell and Dow Rockwell LLC solicited approximately 21 clients in three states and recommended they invest approximately $8 million in PFI.  PFI ultimately returned more than $1 million of those funds because they were investments in an LLC that was raising funds at the time of Casey's death.  Although, PFI

1   returned those funds to investors, Rockwell failed to return the more than $50,000 in referral fees

2   that he received from PFI for soliciting those funds.

3        31.    Dow Rockwell LLC's total income from referral fees related to the PFI

4   investments constituted nearly 40% of its revenue in 2019 and 2020, and more than 25% of its

5   income for 2018.

6                **D.    Dow Rockwell LLC and Rockwell Failed to Disclose Their Referral**
7                       **Fees and the Associated Conflict of Interest to Clients**

8        32.    As investment advisers, Dow Rockwell LLC and Rockwell were obligated to

9   fully disclose all material facts relating to the advisory relationship, including any actual or

10  potential conflicts of interest that might incline Dow Rockwell LLC or Rockwell – consciously

11  or unconsciously – to render investment advice that was not disinterested.  To meet this

12  obligation, Dow Rockwell LLC and Rockwell were required to provide advisory clients with

13  sufficient information about compensation received from PFI in connection with their

14  recommendations concerning PFI securities so that their clients could decide whether to give

15  informed consent to such conflicts or practices, or choose different investment products.

16       33.    Dow Rockwell LLC and Rockwell did not disclose to clients the five percent

17  referral fee they received from PFI (which was significantly higher than the typical 0.3-0.5%

18  advisory fees they charged their clients) or the resulting conflict of interest they had in

19  recommending PFI investments.

20       34.    Dow Rockwell LLC and Rockwell failed to satisfy the fiduciary duties they owed

21  to their clients by failing to provide written or verbal disclosures about the conflicts of interest

22  they had regarding PFI investments. Specifically, Dow Rockwell LLC and Rockwell failed to

23  inform clients that Dow Rockwell LLC received as much as ten times its typical advisory fee for

24  the first year of a client's investment in PFI, and that Dow Rockwell LLC received a material

25  amount of its compensation related to the sale of PFI securities.

26

27

28

**E.     Dow Rockwell LLC and Rockwell Made False Statements and Omissions in ADV Brochures Filed with the Commission**

35.     As an investment adviser registered with the Commission, Dow Rockwell LLC is required to file with the Commission a Form ADV, which includes Parts 1 and 2 (Part 2A is the "ADV Brochure").  Rockwell was the sole individual at Dow Rockwell LLC responsible for drafting, reviewing, editing and approving Dow Rockwell LLC's Forms ADV Parts 1 and 2, including the ADV Brochures that were filed with the Commission during the relevant period. Dow Rockwell LLC and Rockwell also delivered ADV Brochures to their clients.

36.     During the relevant period, Item 5 of the ADV Brochure required Dow Rockwell LLC to disclose how it was compensated for its advisory services, including whether Dow Rockwell LLC or any of its supervised persons accepted compensation for the sale of securities or other investment products and, if so, to provide an explanation that this practice constitutes a conflict of interest.

37.     Similarly, Item 14.A of the ADV Brochure required Dow Rockwell LLC to disclose information about any economic benefit provided by someone who is not a client for providing investment advice, and generally to describe the arrangement, along with the resulting conflicts of interest and how the investment adviser will address those conflicts of interest.

38.     During the relevant period, Dow Rockwell LLC, through Rockwell, filed four ADV Brochures that falsely stated the following:

- In response to Item 5.F: "Dow Rockwell does not buy or sell securities and does not receive compensation for securities transactions in any Client account, other than the Investment Advisory Fees noted above."

- In response to Item 14.A: "Dow Rockwell is a fee-only advisor, who, in all circumstances, is compensated solely by the Client.  Dow Rockwell does not receive commissions or other compensation from product sponsors, broker dealers or any unrelated third party."

39.     These representations were false because Dow Rockwell LLC, since at least September 2017, had been receiving referral fees for each investment in PFI it referred.  Dow Rockwell LLC received the compensation based on Rockwell's advice to Dow Rockwell LLC clients that they invest in and continue holding membership interests in various PFI LLCs.

1  Moreover, the ADV Brochures failed to disclose the conflicts of interest that Dow Rockwell

2  LLC had with respect to PFI investments, namely that Dow Rockwell LLC received more than

3  ten times its typical advisory fee for referring an investment to PFI.

4

5  **F.    Dow Rockwell LLC and Rockwell Did Not Disclose to Clients PFI's Founder's Past Criminal Conviction**

6      40.    As investment advisers, for each investment product they recommended, Dow

7  Rockwell LLC and Rockwell were obligated to fully disclose all key risks of which they were

8  aware, including risks related to the issuers of the securities they advised their clients to

9  purchase.  During the relevant period, Rockwell knew that Casey, PFI's founder, had been

10  previously convicted in 1997 of various federal felonies, including bank fraud, tax evasion and

11  filing false income tax returns.  Rockwell also knew that Casey lost his accounting license as a

12  result of his felony conviction.

13      41.    However, Rockwell did not disclose to his advisory clients during the relevant

14  period Casey's criminal history or the loss of his accounting license, despite the fact that

15  Rockwell knew that Casey continued to exercise complete control over the operations of PFI and

16  played a central role in raising funds from investors.

17      42.    In or about November 2019, one of Dow Rockwell LLC and Rockwell's clients

18  became independently aware of information relating to Casey's criminal history and informed

19  Rockwell that he would have considered the information important to his investment decision.

20  Yet, even after that interaction, Rockwell failed to disclose Casey's conviction to subsequent

21  clients to whom he recommended PFI.

22      43.    Dow Rockwell LLC and Rockwell failed to satisfy the fiduciary duties they owed

23  to their clients by failing to provide adequate written and verbal disclosures about a key risk

24  related to the PFI securities they recommended to numerous clients.  Specifically, Dow Rockwell

25  LLC and Rockwell failed to inform clients that 1) Casey had been convicted in federal court of

26  multiple felonies, and 2) as a result of Casey's conviction, his accounting license had been

27  revoked by the California Board of Accountancy.

28

**G.**     **Rockwell and Dow Rockwell LLC Acted as Unregistered Broker-Dealers and Offered and Sold PFI Securities in Unregistered Securities Transactions**

44.     Rockwell and Dow Rockwell LLC solicited approximately $8 million in PFI investments from at least 21 of their clients during the relevant period.  Rockwell met in person and communicated with clients via telephone and in emails about PFI investments.

45.     PFI regularly provided Rockwell and Dow Rockwell LLC with marketing materials and the necessary offering documents required to solicit clients to invest in PFI. Rockwell and Dow Rockwell LLC used the materials in soliciting clients to invest, including attaching them to emails and using the information when Rockwell spoke to prospective investors.

46.     Once a client agreed to invest in PFI, Rockwell assisted with finalizing their investments, including the preparation of necessary paperwork such as investor forms and subscription agreements.

47.     In exchange for Rockwell and Dow Rockwell LLC soliciting and recommending investors to purchase PFI securities, PFI compensated Dow Rockwell LLC and Rockwell directly on transactions in the form of referral fees based on the principal amount invested by investors they introduced to PFI.

48.     During the relevant period, Dow Rockwell LLC was not registered as a broker-dealer and Rockwell was not associated with a registered broker-dealer.

49.     Additionally, the PFI securities Rockwell and Dow Rockwell LLC solicited and recommended to their clients were not registered with the Commission and there was no applicable exemption from registration.

**FIRST CLAIM FOR RELIEF**

*Violations of Sections 206(1) and 206(2) of the Advisers Act*

50.     The Commission re-alleges and incorporates by reference Paragraph Nos. 1 through 49.

51. Dow Rockwell LLC and Rockwell at all relevant times were investment advisers within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)]. Dow Rockwell LLC and Rockwell each were in the business of providing investment advice concerning securities for compensation. Rockwell was also an investment adviser due to his ownership, management, and control of Dow Rockwell LLC.

52. As investment advisers, Dow Rockwell LLC and Rockwell owed their advisory clients fiduciary duties of utmost good faith, loyalty, and care to make full and fair disclosure to them of all material facts, including any conflicts or potential conflicts of interest, as well as the duty to act in the best interests of their clients and not to act in their own interests to the detriment of their clients.

53. During the relevant period, Dow Rockwell LLC and Rockwell, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, while acting as investment advisers, knowingly or recklessly: (1) employed devices, schemes, or artifices to defraud clients or prospective clients; or (2) engaged in transactions, practices, and courses of business that operated as a fraud or deceit upon clients or prospective clients.

54. By reason of the foregoing, Dow Rockwell LLC and Rockwell breached their fiduciary duties to their clients and have otherwise violated, and unless enjoined will again violate, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)].

**SECOND CLAIM FOR RELIEF**

*Violations of Section 207 of the Advisers Act*

55. The Commission re-alleges and incorporates by reference Paragraph Nos. 1 through 49.

56. Section 207 of the Advisers Act [15 U.S.C. § 80b-7] provides that it is unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with the SEC under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], or to omit to state in any such application or report any material fact which is required to be stated therein. Rule 204-1 [17 C.F.R. § 275.204-1] promulgated under Section 204 of the

1  Advisers Act [15 U.S.C. § 80b-4] states that each amendment to the Form ADV is a "report"

2  within the meaning of Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

3        57.    During the relevant period, Dow Rockwell LLC and Rockwell, by use of the

4  mails, and the means and instrumentalities of interstate commerce, directly or indirectly, while

5  acting as investment advisers, willfully:  (1) made untrue statements of material fact in

6  registration applications and reports filed with the Commission; or (2) omitted to state in

7  registration applications and reports filed with the Commission material facts which are required

8  to be stated therein.

9        58.    By reason of the foregoing, Dow Rockwell LLC and Rockwell violated, and

10 unless enjoined will again violate, Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

11                              **THIRD CLAIM FOR RELIEF**

12                  *Violations of Section 5(a) and 5(c) of the Securities Act*

13       59.    The Commission re-alleges and incorporates by reference Paragraph Nos. 1

14 through 49.

15       60.    No registration statement was filed with the Commission or otherwise in effect

16 with respect to the securities Dow Rockwell LLC and Rockwell offered and sold as described in

17 this Complaint and no exemption from registration existed with respect to these securities.

18       61.    During the relevant period, Dow Rockwell LLC and Rockwell offered to sell,

19 sold and delivered after sale, the securities described in this Complaint, and directly and

20 indirectly:

21              a)  made use of any means or instruments of transportation or
                    communication in interstate commerce or of the mails to sell such
22                  securities, through the use or medium of a prospectus or otherwise;

23              b)  carried or caused to be carried through the mails or in interstate
                    commerce, by any means or instruments of transportation, such
24                  securities for the purpose of sale or delivery after sale; or

25              c)  made use of any means or instruments of transportation or
26                  communication in interstate commerce or of the mails to offer to sell or
                    offer to buy through the use or medium of any prospectus or otherwise
27                  such securities.

28

62.     By reason of the foregoing, Dow Rockwell LLC and Rockwell violated, and unless enjoined will again violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## FOURTH CLAIM FOR RELIEF

*Violations of Section 15(a)(1) of the Exchange Act*

63.     The Commission re-alleges and incorporates by reference Paragraph Nos. 1 through 49.

64.     During the relevant period, Dow Rockwell LLC and Rockwell, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, effected transactions in, or induced or attempted to induce the purchase or sale of securities, while they were not registered with the Commission as brokers or dealers or not associated with an entity registered with the Commission as a broker-dealer.

70.     By reason of the foregoing, Dow Rockwell LLC and Rockwell violated, and unless enjoined will continue to violate, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

### I.

Permanently enjoining Defendants Dow Rockwell LLC and Rockwell from directly or indirectly violating Sections 206(1), 206(2) and 207 of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-7], Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)], and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)];

### II.

Ordering Defendants Dow Rockwell LLC and Rockwell to disgorge all ill-gotten gains or unjust enrichment derived from the activities set forth in this complaint, together with prejudgment interest thereon;

**III.**

Ordering Defendants Dow Rockwell LLC and Rockwell to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209 of the Advisers Act [15 U.S.C. § 80b-9];

**IV.**

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and

**V.**

Granting such other and further relief as this Court may determine to be just, equitable and necessary.

Dated: March 31, 2022                    Respectfully submitted,


                                         /s/ Bernard B. Smyth
                                         BERNARD B. SMYTH
                                         Attorney for Plaintiff
                                         SECURITIES AND EXCHANGE COMMISSION